Investor Loan # _____

**After Recording Return To:**
Bank of America, N.A.
11802 Ridge Parkway, Ste 100 HRM
HOME RETENTION
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

## FANNIE MAE LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: MARK R LEBEL AND DONNA M LEBEL
Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and
Note ("Note"): 10/06/2005
Loan Number:
Property Address (See Exhibit A for Legal Description if applicable) "Property":
6 EASTERN AVENUE, FALMOUTH, ME 04105
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.


FNMA-                                                                        8116 08-09



EXHIBIT

I

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. The Property has not been condemned;

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Fannie Mae Modification Program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

   G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.

I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 01/01/2013 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on 01/01/2013.

    A.  The Maturity Date will be: 12/01/2052.

    B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $225,104.62 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

    C.  Interest at the rate of 5.875% will begin to accrue on the New Principal Balance as of 12/01/2012 and the first new monthly payment on the New Principal Balance will be due on 01/01/2013. The repayment terms of my modified loan are as follows:

        Maturity Date: 12/01/2052
        Interest Rate: 5.875%
        New Principal Balance: $225,104.62
        First Modified Payment Due Date: 01/01/2013
        Number of Monthly Payments: 480
        Monthly Principal and Interest Payment: $1,219.00
        Estimated Monthly Escrow Payment: $674.53
        Total Monthly Payment: $1,893.53

        *The escrow payments may be adjusted periodically in accordance with the applicable law and therefore my total monthly payment may change accordingly.

FNMA

8116 08-09

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3C.

4.  **Additional Agreements.** I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.


FNMA-                                                                                                          81'6 08-09

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

FNMA-

8116 08-09

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Fannie Mae Loan Modification Program.

L.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Program and (v) any HUD certified housing counselor.

M. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

O. BORROWERS PROTECTION PLAN    If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1-866-554-2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1-866-317-5116.

P.  OPTIONAL PRODUCTS PURCHASED AFTER CLOSING   I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents.   I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 800-641-5298.

Q.  In the event of default under this Agreement and/or the Loan Documents, I absolutely assign and transfer to Lender any and all rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. I unconditionally authorize Lender or Lender's agents to collect the Rents, and agree that each tenant of the Property shall pay the Rents to Lender or Lender's agents. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only. I further agree that all Rents collected by Lender or Lender's agents shall be applied first to any fees, charges, assessments or other costs associated with managing the Property and collecting the Rents. Any amounts collected that exceed the costs of managing the Property and collecting the Rents shall be applied to the outstanding indebtedness under the Loan Documents in the manner described in the Loan Documents. If the amounts collected are insufficient to cover the costs of managing the Property and collecting the Rents, any additional expenditure by Lender for such purpose shall become indebtedness secured by the Security Instrument as per the Loan Documents. This assignment of Rents of the Property shall terminate when the indebtedness secured by the Security Instrument is paid in full.

Upon Lender's request after default, I shall assign to Lender any lease and/or sublease (collectively "Lease") of the Property and all security deposits made in connection with any Lease of the Property. Upon the assignment, Lender shall have the right to modify, renew, extend or terminate any Lease. in its sole discretion. I represent and warrant that I have not executed any prior assignment of Lease or the Rents, and have not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph or the Loan Documents.

R.  I agree that if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, accelerate the debt and require immediate payment of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Agreement. If Lender exercises this option, Lender shall give notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed to pay all sums secured by the Security Instrument. Unless these sums are paid prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand.

In Witness Whereof, the Lender and I have executed this Agreement.

_____
MARK R LEBEL

_____
Date 12/2/2012

_____
DONNA M LEBEL

_____
Date 12/2/2012

**DO NOT WRITE BELOW THIS LINE.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____          Dated: _____

Name:
Title :

Signatures continue on the following page

FNMA-                                                                                        81-6 08-09

Mortgage Electronic Registration Systems, Inc. -
Nominee for Bank of America, N.A.

By: _____      _____

                                                            Date

_____
Printed Name and Title

FNMA-
81*6 08-09

**DO NOT WRITE BELOW THIS LINE.**

**************************************************************************************

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____     Dated: **DEC 1 8 2012**

**Andre Bandelier**     _____

Name:
Title  :     **ASSISTANT SECRETARY**